McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Jonathan W. Carlson
Nevada Bar No. 10536
  *jonathan.carlson@mccormickbarstow.com*
Cheryl A. Grames
Nevada Bar No. 12752
  *cheryl.grames@mccormickbarstow.com*
Chelsea M. Bravin
Nevada Bar No. 16503
  *chelsea.bravin@mccormickbarstow.com*
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone: (702) 949-1100
Facsimile: (702) 949-1101

Attorneys for DEFENDANT PRAETORIAN
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN CAMDEN, | Case No. 2:25-cv-00286-GMN-NJK |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINE DATES (Second Request)** |
| PRAETORIAN INSURANCE COMPANY, a Foreign Corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

Defendant PRAETORIAN INSURANCE COMPANY, by and through its attorneys of record of the law firm McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP, and Plaintiff STEPHEN CAMDEN, by and through his attorneys of record of MOSS BERG INJURY LAWYERS, hereby file this Stipulation and Order to Continue Discovery Deadline Dates (Second Request), specifically seeking to extend the discovery deadline and dates related thereto by sixty days (60) days.  The parties seek this extension pursuant to LR IA 6-1, 6-2, and LR 26-3.

/ / /

## I. DISCOVERY COMPLETED BY THE PARTIES:

1. The FRCP 26(f) conference between the parties in this matter was held on March 12, 2025.

2. Plaintiff served his initial disclosures on March 10, 2025.

3. Defendant served its initial disclosures on March 31, 2025.

4. Plaintiff served Interrogatories and Requests for Production of Documents on Defendant March 14, 2025.

5. Defendant served Interrogatories, Request for Production of Documents, and Requests for Admissions on Plaintiff on March 31, 2025;

6. Defendant noticed Plaintiff's deposition for May 23, 2025;

7. Plaintiff served responses to Defendant's discovery on April 29, 2025;

8. Defendant served responses to Plaintiff's discovery responses on May 5, 2025.

9. Defendant vacated Plaintiff's deposition on May 20, 2025 due to Plaintiff's counsel concerns about the scope of the deposition.

## II. DISCOVERY WHICH REMAINS TO BE COMPLETED:

Depositions: The parties anticipate proceeding with depositions of the parties, pertinent fact witnesses (including imminent service of a subpoena on Defendant's insured, David Suter), and potentially Plaintiff's medical providers.

Expert Witnesses: The parties also intend to disclose expert witnesses and to depose said expert witnesses thereafter.

Written Discovery: The parties anticipate additional written discovery following any depositions and expert witness disclosures.

## III. REASON WHY DISCOVERY WAS NOT SATISFIED OR COMPLETED WITHIN THE TIME LIMIT SET BY THE DISCOVERY PLAN:

The parties have been working diligently to develop their respective cases in chief, but recently, in preparing for Plaintiff's deposition that had been set for May 23, 2025, counsel have realized they have different positions regarding the scope of this deposition. Specifically, Plaintiff's counsel maintain Defendant has no need to depose Plaintiff because he is merely an assignee of

Defendant's insured, Daniel Suter, and has no factual information that is relevant and proportional to the needs of the case. In contrast, defense counsel maintain they can depose Plaintiff because he is a party, a witness to the underlying loss and tort litigation, and because he seeks compensatory, general, and special damages from Defendant. In the interest of civil discourse between opposing counsel and to avoid each side having to draft/respond to emergency motions, counsel seek to resolve this dispute without motion practice if possible. Such resolution requires sufficient time to confer with each other and to confer with the parties. As such, a sixty-day extension of the discovery deadlines will enable counsel to continue meeting and conferring regarding this dispute. The extension will also enable motion practice, if necessary, to occur without a shortened briefing schedule or the filing of emergency motions, the filing of which "should be rare." *See* LR 7-4(b).

**IV.   GOOD CAUSE EXISTS TO GRANT THE REQUESTED EXTENSION**

The parties' efforts to minimize cost and to avoid the need to seek judicial relief to resolve this discovery dispute serve the purpose and stated goal at FRCP 1, "to secure the just, speedy, and inexpensive determination of every action and proceeding." These efforts provide the Court good cause to grant the parties' request for extension.

The parties submit the instant stipulation within the timeframe outlined by LR 26-3.

**V.   THE CURRENT SCHEDULE FOR COMPLETION OF ALL REMAINING DISCOVERY:**

The parties request that the pertinent discovery deadlines set forth in the Court's Scheduling Order be continued sixty (60) days, as follows:

A.   ESTIMATE OF TIME REQUIRED FOR DISCOVERY: Pursuant to Local Rule 26-1(b)(1), and with the Court's approval, discovery shall be completed on or before **October 10, 2025**.

B.   EXPERT DISCLOSURES: Unless otherwise stated herein, and the Court so orders, the date for the parties to exchange initial expert witness disclosures shall be sixty (60) days prior to the discovery cut-off date, but not later than **August 11, 2025**, and rebuttal expert disclosures shall be thirty (30) days prior to the discovery cut-off date, but not later than **September 10, 2025**.

C.   DISPOSITIVE MOTIONS: Unless otherwise stated herein, and the Court so orders, the date for filing dispositive motions shall be thirty (30) days after the discovery cut-off date, but

1  not later than **November 10, 2025**.

2  　　　D.　　PRETRIAL ORDER: Unless otherwise stated herein, and the Court so orders, the
3  joint pretrial order shall be filed thirty (30) days after the date set for filing dispositive motions, but
4  not later than **December 10, 2025**.

5  　　　DATED this 23rd day of May 2025.

|  |  |
|---|---|
|  | McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP |
|  | By  /s/ Jonathan W. Carlson |
|  | Jonathan W. Carlson |
|  | Nevada Bar No. 10536 |
|  | Cheryl A. Grames |
|  | Nevada Bar No. 12752 |
|  | Chelsea M. Bravin |
|  | Nevada Bar No. 16503 |
|  | 8337 West Sunset Road, Suite 350 |
|  | Las Vegas, Nevada 89113 |
|  | *Attorneys for DEFENDANT PRAETORIAN INSURANCE COMPANY* |

DATED this 23rd day of May 2025.

MOSS BERG INJURY LAWYERS

By  /s/ Boyd B. Moss III
Boyd B. Moss III, Esq.
Nevada Bar No. 8856
John C. Funk, Esq.
Nevada Bar No. 9255
5420 W. Sahara Avenue, Suite 101
Las Vegas, Nevada 89146
*Attorneys for Plaintiff Stephan Camden*

## ORDER

**IT IS HEREBY ORDERED.**

_____
United States Magistrate Judge

DATED: May 27, 2025

11668530.1